UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JERRITON HARRIS,

    Plaintiff,

v.                                                            Case No: 2:14-cv-532-FtM-DNF

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

    Defendant.
_____

## OPINION AND ORDER

This cause is before the Court on Defendant Commissioner of Social Security's Opposed Motion for Entry of Judgment with Remand (Doc. 22) filed on March 26, 2015. Plaintiff Jerriton Harris filed a Reply to Defendant's Motion for Entry of Judgment with Remand (Doc. 23) on March 31, 2015. This matter is now ripe for review. For the reasons explained below, the Court finds that the instant motion is due to be **GRANTED**.

Defendant is requesting the Court to remand this case to the Commissioner with directions for the Administrative Law Judge ("ALJ") to further evaluate whether Plaintiff's impairments meet or equal the severity of Listing 12.05. Listing 12.05 provides in part as follows:

> Intellectual disability: Intellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.[1]

---

[1] On August 1, 2013, the Social Security Administration changed the terminology in Listing 12.05 from "mental retardation" to "intellectual disability," but this change in terms does not "affect the actual medical definition of the disorder or available programs or services." *Hickel v. Comm'r of Soc. Sec.*, 539 F. App'x 980, 982 n.2 11th Cir. 2013)(citing 79 Fed. Reg. 46,499, 46,501, later codified in 20 C.F.R. pt. 404, subpt. P, app.1).

20 C.F.R. pt. 404, subpt. P., app. 1, § 12.05.  Defendant is requesting for the remand order to direct the Commissioner to

> further evaluate whether Plaintiff's impairments meet or equal the severity of an impairment listed in Appendix 1, Subpart P, Regulations No. 4, in particular Listing 12.05 (20 CFR 404.1527(e) and 416.927(e) and Social Security Ruling 96-6p (http://www.ssa.gov/OP_Home/rulings/di/01/SSR96-06-di-01.html)); and give further consideration to all the medical opinions in the record, pursuant to the provisions of 20 CFR 404.1527 and 416.927 and Social Security Rulings 96-2p (http://www.ssa.gov/OP_Home/rulings/di/01/SSR96-02-di-01.html), 96-5p (http://www.ssa.gov/OP_Home/rulings/di/01/SSR96-05-di-01.html), and 96-6p (http://www.ssa.gov/OP_Home/rulings/di/01/SSR96-06-di-01.html), and explain the weight given to such opinion evidence.

(Doc. 22 p. 1).

Plaintiff responds that remand is not necessary in this case because the evidence of record establishes without a doubt that Plaintiff meets Listing 12.05 and is, therefore, disabled. (Doc. 23 p. 1).  Specifically, Plaintiff argues that the ALJ erred in his consideration of whether Plaintiff met Listing 12.05 because the ALJ incorrectly assumed that documentation of an IQ score prior to age 22 was necessary in order to establish an onset prior to age 22.  (Doc. 23 p. 2).  In addition, Plaintiff argues that the ALJ erred in finding that Plaintiff does not have deficits in adaptive functioning consistent with a diagnosis of Mental Retardation. (Doc. 23 p. 3).  Plaintiff requests the Court to order the Commissioner to grant benefits instead of remanding for further proceedings. (Doc. 23 p. 1).

In this case, there is no dispute the case should be remanded.  The issue presented to the Court is whether the case should be remanded for further administrative proceedings before the ALJ, or whether the Court should order the Commissioner to grant benefits to Plaintiff without requiring the ALJ to perform any further evaluation.  Pursuant to 42 U.S.C. § 405(g), "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming,

modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." "Generally, a reversal with remand to the Secretary is warranted where the ALJ has failed to apply the correct legal standards." *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993) (citing *Walker v. Bowen*, 826 F.2d 996, 1001-1002 (11th Cir. 1987)). However, where the Commissioner has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without a doubt, a case may be remanded for an award of disability benefits, and not to an ALJ for further consideration. *Adkins v. Astrue*, 2008 WL 5157510, at *7 (N.D. Fla. Dec. 5, 2008) (citing *Davis*, 985 F.2d at 534)).

Here, the Court finds it appropriate to remand this case to the Commissioner with instructions to further evaluate whether Plaintiff meets Listing 12.05. Despite Plaintiff's arguments, it is not evident that Plaintiff "without a doubt" satisfies the requirements of Listing 12.05. The determination of whether Plaintiff meets a listing is better suited to be determined at the administrative level upon remand than before this Court. The remand language suggested by Defendant encapsulates the concerns of Plaintiff that the ALJ incorrectly assumed that documentation of an IQ score prior to age 22 is necessary to establish an onset age prior to 22, and that the ALJ erred in finding Plaintiff did not have deficits in adaptive functioning consistent with a diagnosis of mental retardation. Upon remand, the ALJ will have to reconsider his opinion as to each of these points in his analysis of whether Plaintiff meets the requirements of Listing 12.05.

**IT IS HEREBY ORDERED:**

1) Defendant's Opposed Motion for Entry of Judgment with Remand (Doc. 22) is **GRANTED** and the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

2) Upon remand, further evaluate whether Plaintiff's impairments meet or equal the severity of an impairment listed in Appendix 1, Subpart P, Regulations No. 4, in particular Listing 12.05 (20 CFR 404.1527(e) and 416.927(e) and Social Security Ruling 96-6p; and give further consideration to all the medical opinions in the record, pursuant to the provisions of 20 CFR 404.1527 and 416.927 and Social Security Rulings 96-2p, 96 5p, and 96-6p, and explain the weight given to such opinion evidence.

3) The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on April 10, 2015.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties